JUST, PLAINTIFF AND APPELLEE, *v.* JUST ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of San Juan in an Action for Divorce.

No. 2503.—Decided June 8, 1922.

MARRIAGE—DIVORCE—IMPOTENCY OF SPOUSE.—In this case the Supreme Court construed section 179 of the Civil Code as conferring upon the wife alone, if she is *sui juris,* the right to sue for a divorce on the ground of the impotency of the husband.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the appellants.

*Mr. J. B. Soto* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The complaint in this case asked that a marriage of a man of seventy-five years be annulled on the ground of sexual impotence and mental incapacity. The court below made a finding in its opinion with respect to the alleged impotence declaring it to exist, but did not enter into a consideration of the question of mental incapacity. There was proof at the trial of one expert tending to a certain degree to prove mental incapacity. This expert, however, when first asked, did not express a positive opinion as to the alleged mental incapacity and his testimony in some spots is capable of being interpreted as expressing his idea of the incoherence or otherwise that should normally be expected of a man suffering with hemiplegia, the kind of paralysis alluded to in the record. This proof we find insufficient to establish mental incapacity for the first time on appeal. The other testimony is so unsatisfactory that we should be unable to find as a matter of fact that the said alleged husband was incapable of contracting a valid marriage on the ground of mental incapacity.

Appellant maintained that it was only the wife who could ask an annulment on the ground of impotence. The appellee drew attention to the specific provisions contained in sections 130, 131 and 179 of the Civil Code as follows:

"Sec. 130.—The requisites for the validity of a marriage are:

"1. The legal capacity of the contracting parties.

"2. Their consent.

"3. Authorization and celebration of a matrimonial contract according to the forms and solemnities prescribed by law.

"Sec. 131.—The following persons are incapacitated to contract marriage:

"1. One who is already legally married.

"2. One who is not of sound mind.

"3. A person of the male sex under eighteen years of age, and a person of the female sex under sixteen years of age. Marriage contracted by persons under the said age of puberty shall, nevertheless, be valid ipso facto and without an express declaration, if one day after having arrived at the legal age of puberty the parties shall have lived together without the representatives of either of them having brought suit against its validity, or if the woman shall have conceived before the legal age of puberty or before having established such suit."

"Sec. 179.—The right to an action for a declaration of nullity of a marriage, belongs to the parties to the marriage, to the public attorney, and to such other persons as may have an interest in the annulment of the same.

"In case of violence or intimidation, the action of nullity can only be exercised by the innocent party."

If appellee is right, then of course, a man suffering from physical impotence may never contract a valid marriage, even with the knowledge and consent of the woman he wishes to marry. Furthermore, if two people decide to marry for companionship under these conditions, then the heirs of either may attack the marriage.

When a man is impotent the real person in interest to annul the marriage is the wife. In certain cases, perhaps when she is a minor or suffering under some incapacity herself, a father, tutor or guardian might bring an action for her. But we understand section 179 of the Civil Code as giving the wife alone an interest in annulling a marriage on the ground of impotence if she is living and is *sui juris*.

*Delpit* v. *Young,* 51 La. Ann. 923, was a case where a father sought the annulment of a marriage of his son under age, but over the age of consent. The decision was that there was no cause of action in the father. The court cited French jurisprudence to the effect that a code providing ''where there has been a mistake in the person the party laboring under the mistake can alone impeach the marriage'' a case of impotence would fall within its provisions, indicating therefore that in French law a marriage may continue where one of the parties is impotent. Until we are strongly convinced to the contrary we shall hold that, the wife being alive and *sui juris,* no one else has a cause of action to annul the marriage. We have given no particular consideration to the question of whether a marriage as here already dissolved by death can be annulled.

Appellant also attacked the proof of the registry of the birth of the complainant wherein his alleged father acknowledged him as a natural child. Appellant maintains, if we understand her, that a birth certificate using the name of the father could only be made by the said father, but it is exactly the father who purports to make this certificate. We agree with the appellee that the misdescription in the names of the father was a mere clerical error and that the identity was established.

We have discussed the errors assigned and find that the court erred in annulling the marriage on the ground of impotence. We are in doubt on the subject of mental incapacity and therefore the judgment must be reversed and the case sent back for a new trial.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.